CHARLENE CLAIRE KLUG BONSALL ABBOT

*v.*

JOSEPH EDWARD BONSALL

(NO. 13879)

Decided February 13, 1979.

Rehearing Denied December 6, 1979.

*Jack O. Friedman* for appellant.

*Atkins & Ross, Alexander J. Ross* for appellee.

HARSHBARGER, JUSTICE:

By a separation agreement the parties set support payments by Mr. Bonsall to his wife for each of their two children at $87.50 per week, and alimony for Mrs. Bonsall at $87.50 per week.

However, a prior memorandum between their counsel recited that the husband would pay a total of $175.00 per week, 50% child support and 50% alimony.

The final decree ordered payments of $87.50 per week per child, for a monthly total of $758.33-1/3 payable in semi-monthly payments, and ordered him to pay her $87.50 per week, a monthly total of $379.16-2/3 payable semi-monthly.

Upon proceedings for contempt brought by the wife, Bonsall moved to modify the order per W. Va. R.C.P. 60(a).* There was a hearing on the contempt petition.

_____

* Rule 60(a) states in part: "Clerical mistakes in judgments, orders or other parts of the record and errors arising from oversight

Findings of fact by the trial court acknowledged "that a mistake was indeed made in the ... order. ..." But the court held that the husband could not assert the defense because it was raised more than eight months after the erroneous order—a time limit set in Rule 60(b).

We find that this error is purely clerical, involving miscalculation of the child support both by counsel in the separation agreement and by the court in the final decree. The mistake obviously was misreading of the memorandum, a clerical mistake; therefore under Rule 60(a) no time limit is applicable. *See generally: Mickle v. Mickle,* ___ Ala. ___, 334 So.2d 900 (1976); *Luckes v. Luckes,* 262 Ark. 770, 561 S.W.2d 300 (1978); *Young v. Gardner-Denver Company,* 244 Cal. App. 2d 915, 53 Cal. Rptr. 522 (1966); *Dauderman v. Dauderman,* 130 Ill. App. 2d 807, 263 N.E.2d 708 (1970).

*Reversed.*

---

or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."