419 S.E.2d 900

**Carl Gary WOODS, Plaintiff
Below, Appellee,**

v.

**Rosemary GUERRA, Appellant
Below, Defendant.**

No. 20724.

Supreme Court of Appeals of
West Virginia.

Submitted May 5, 1992.

Decided July 16, 1992.

Harry A. Smith, I, Elkins, for appellee.

Rudolph L. DiTrapano, Lonnie C. Simmons, DiTrapano & Jackson, Charleston, for appellant.

PER CURIAM:

This is an appeal by Rosemary Guerra Salcedo from a final order of the Circuit Court of Randolph County which "amended" a January 18, 1978, divorce order regarding alimony to be paid to the appellant by her former husband, appellee Carl Gary Woods. The appellant contends that the lower court erred by so "amending" and by inappropriately calculating the credits to which each party is entitled for the sale of marital property. We agree with the appellant's contentions regarding the amendment of the alimony order and reverse the decision of the Circuit Court of Randolph County to the extent that it "amended" the January 18, 1978, divorce order. We find no clear error in the calculation of credits

and therefore affirm the lower court's decision in that regard.

## I.

Subsequent to their March 21, 1972, marriage, the appellant and the appellee purchased two tracts of real estate located in Elkins, West Virginia, including three homes situated upon these lots. The purchase agreement provided for a $2,000 down payment with $48,000 to be paid over a period of twenty years at six and one-half percent interest. The parties separated in October 1976, and the appellant assumed the payments from November 1976 to the present.

On January 18, 1978, a divorce was granted. The order provided that Mr. Woods was responsible for several outstanding debts and provided the following with regard to alimony requirements:

It is further ORDERED that the said Carl Gary Woods shall pay to Rosemary Woods under the name of Rosemary Guerra, at her home address which is 201 Eleventh Street, Elkins, West Virginia, the sum of Five Hundred Dollars ($500.00) per month as alimony until further Order of the Court, the first payment to be made on the 1st day of February, 1978.

On May 1, 1978, a hearing was held on the appellant's motion for contempt for Mr. Woods' failure to pay alimony and various other debts referenced in the January 18, 1978, order. During this hearing, the trial court determined that "the five hundred dollars [$500] a month would continue for a year from the date of entry of my Order of January, 1978, at which time we'll hold one more hearing in this matter, and we'll determine the question of alimony." The trial court further explained that the $500 monthly " 'will continue until January, 1979, at which time I'll entertain a motion for reduction or elimination of the alimony.' " No written order was entered reflecting the trial court's ruling. Moreover, no subsequent order regarding the reduction, elimination, or any modification of alimony was entered, and Mr. Woods never filed any motion to reduce or eliminate alimony.

Mr. Woods provided alimony for eleven months, paying a total of $5,500. On February 5, 1981, Mr. Woods filed a complaint seeking to have the marital property sold, rather than partitioned in kind. The appellant, who had resided in one of the houses, answered the complaint and filed a counterclaim seeking alimony, attorney fees, and other obligations that Mr. Woods had failed to pay, as required by the January 18, 1978, order.

On May 24, 1982, Mr. Woods moved for an order appointing special commissioners to sell the real estate, and a sale was subsequently scheduled for August 21, 1982. The appellant was the highest bidder at $90,000. The appellant then remarried in March 1984 and refused to pay the $90,000, apparently due to Mr. Woods' failure to pay the alimony due to the appellant up to the date of her remarriage. On October 13, 1988, the appellant filed a motion for decretal judgment for past due alimony, attorney fees, and expenses. In response, Mr. Woods moved to have the January 18, 1978, order amended and corrected, pursuant to Rule 60(a) of the West Virginia Rules of Civil Procedure, contending that the trial court intended the alimony ordered on January 18, 1978, to continue for only one year.

A hearing on the pending motions was held on January 22, 1990, and the court entered a May 24, 1990, order holding that "the order of January 18, 1978, incorrectly reflects the Court's ruling as to alimony, the Court being satisfied that its ruling was, in fact, that Defendant be awarded $500.00 per month as alimony for a period of one year, commencing February 1, 1978." [1] The lower court further held that

---

1. Specifically, the lower court ordered:

That, pursuant to Rule 60(a) *West Virginia Rules of Civil Procedure,* said Order dated January 18, 1978, is amended and corrected to read, in Paragraph '9' thereof, as follows:

It is further ORDERED that the said Carl Gary Woods pay to Rosemary Woods under the name of Rosemary Guerra, at her home address which is 201 11th Street, Elkins, West Virginia, the sum of Five Hundred Dollars

the appellant would be entitled to any credits from November 1976 through August 21, 1982. Mr. Woods would be entitled to a credit from the sale of an amount equal to the rental value of the premises occupied by the appellant from January 18, 1978, through August 21, 1982. Counsel for the parties were ordered to calculate the credit claimed.

By order of June 17, 1991, the lower court held that Mr. Woods was entitled to a credit against the sale price of $13,750, and the appellant was entitled to a credit of $7,485.43. The appellant now appeals both the issue of past due alimony and the calculation of the credits.

## II.

■ The appellant contends that the lower court erred in employing Rule 60(a) of the West Virginia Rules of Civil Procedure to eliminate six years of accumulated alimony and in denying her motion for decretal judgment on the accrued alimony. The appellant further contends that because the original January 18, 1978, order imposed a $500 per month requirement of alimony for an indefinite period, she is entitled to alimony for the seventy-four months between February 1978 and March 1984, the month of her remarriage.[2] With a reduction of $5,500 already paid by Mr. Woods during that interval, the past due alimony claimed by the appellant totals $31,500.

Rule 60(a) of the West Virginia Rules of Civil Procedure provides, in relevant part, as follows:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

In addressing the application of Rule 60(a), the following is explained in 11

($500) per month as alimony for [a] period of twelve (12) months, the first payment to be made on the 1st day of February, 1978.'

2. The parties submitted separate proposed orders which contained language regarding the court's determination that alimony should be

Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2854 at 149 (1973):

Subdivision (a) deals solely with the correction of errors that properly may be described as clerical or as arising from oversight or omission. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.

We addressed the issue of correction under West Virginia Rule of Civil Procedure 60(a) in *Abbot v. Bonsall,* 164 W.Va. 17, 263 S.E.2d 78 (1979), and determined that the rule could be employed to correct a clearly mathematical error and to adjust an order to reflect the actual agreement regarding child support and alimony. In *Abbot,* a misreading of a prior agreement between counsel had caused the miscalculation, and we considered such miscalculation a clerical error. 164 W.Va. at 18, 263 S.E.2d at 78–79. We specifically stated that we deemed the error "purely clerical" in nature. *Id.* at 78.

The lower court in the present case clearly altered the substance of the January 18, 1978, order by amending it to provide for only one year of alimony. The alleged error could have been brought to the attention of the trial court at the time of the original order. Yet the order was signed by counsel for Mr. Woods. No motion for reduction or elimination of alimony was ever filed by Mr. Woods. Unlike the situation in *Abbot,* the problem in the present case was not "purely clerical." The substance of the original order was changed by the "amendment."

■ Furthermore, Mr. Woods' responsibility to pay the alimony in question had accrued prior to the "amendment" by the lower court. We have recognized that

awarded for only one year. The final order entered, however, is the one on which we must rely in our analysis of the procedural history of this case. It did not contain the limit of alimony to one year.

" ' "[q]uestions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977).' Syllabus, *Luff v. Luff,* [174] W.Va. [734], 329 S.E.2d 100 (1985)." Syl.Pt. 8. *Wyant v. Wyant,* 184 W.Va. 434, 400 S.E.2d 869 (1990). Yet we have also consistently maintained that "[t]he authority of the circuit courts to modify alimony or child support awards is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a circuit court is without authority to modify or cancel accrued alimony or child support installments." Syl.Pt. 2, *Goff v. Goff,* 177 W.Va. 742, 356 S.E.2d 496 (1987). While Mr. Woods attempts to draw the technical distinction between the retroactive modification of an alimony award and simple correction of clerical errors to be accomplished through West Virginia Rule of Civil Procedure 60(a), we believe that the lower court's action in this case amounts to retroactive modification without any justification and is thus not permitted.

The lower court has attempted to inappropriately use West Virginia Rule of Civil Procedure 60(a) to "correct" an order of January 18, 1978, and has further attempted to effect a retroactive modification in alimony. We believe the lower court clearly abused its discretion by employing West Virginia Rule of Civil Procedure 60(a) to limit alimony to one year. We consequently reverse the decision of the lower court and remand this matter for a reinstatement of an alimony judgment for $500 per month from February 1978 through March 1984, with interest added.

We have also examined the appellant's contentions with regard to error in the calculation of the credits due to the appellant in connection with the sale of marital property. We find no clear error by the lower court in that calculation. We do, however, reverse the decision of the Circuit Court of Randolph County as it relates to the obligation of alimony and remand this matter for reinstatement of an alimony judgment for $500 per month from February 1978 through March 1984, with interest added.

Affirmed in part; reversed in part; and remanded.