468 S.E.2d 318

**Loretta SAVAGE, Mary Kline, Patricia L. Johnson, and Thelma Baisden, Plaintiffs Below, Appellees,**

**v.**

**Jack BOOTH, Defendant Below, Appellant.**

**No. 22876.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 23, 1996.

Decided Feb. 14, 1996.

---

James A. Colburn, Baer, Colburn & Morris, Huntington, for Appellees.

J. William St. Clair, St. Clair & Levine, Huntington, for Appellant.

CLECKLEY, Justice:

The defendant below and appellant herein, Jack Booth, appeals the final order of the Circuit Court of Wayne County entered on January 23, 1995. In that order, the trial court denied the January 7, 1995, motion by the defendant for relief from judgment on a jury verdict returned on October 4, 1994.

The trial court denied the defendant's motion after the plaintiffs below and appellees herein, Loretta Savage, Mary Kline, Patricia L. Johnson, and Thelma Baisden, moved the trial court to reconsider its initial ruling on January 13, 1995, which granted the defendant's motion. In the final order, the trial court denied the defendant's motion on the grounds it was untimely filed under Rule 59(e) of the West Virginia Rules of Civil Procedure.[1] The defendant argues on appeal that the trial court erred by determining that his motion was time barred under Rule 59(e) because it should have been considered pursuant to either Rule 60(a) or Rule 60(b)(5) of the West Virginia Rules of Civil Procedure.[2] On appeal, we agree that the defendant's motion should have been granted pursuant to Rule 60(a).

## I.

## FACTUAL AND PROCEDURAL HISTORY

The underlying facts of this case involve a sexual harassment suit brought by the plaintiffs against Jack Booth, the Tri–State Airport Authority, and the Red Baron Restaurant. The plaintiffs were employed by the defendant who operated the Red Baron Restaurant located at the Tri–State Airport. The plaintiffs complained that the defendant subjected them to a variety of outrageous acts of sexual harassment and that the Tri–State Airport Authority failed to supervise him.

The case went to trial, and, at the close of the plaintiffs' evidence, the Tri–State Airport Authority made a motion for a directed verdict. The motion was granted with respect to the plaintiff, Thelma Baisden, but was denied as to the remaining three plaintiffs. Thereafter, a settlement agreement was reached between all named plaintiffs and the Tri–State Airport Authority in the amount of $50,000. At no time was the jury informed about this settlement agreement. The case then proceeded against the defendant who appeared *pro se.*

After hearing all the evidence, the jury returned a verdict in favor of the remaining three plaintiffs in the sum of $40,000.[3] On October 11, 1994, the trial court entered a judgment order on the verdict against the defendant in the amount of $40,000. The order gave no credit nor made any reference to the settlement agreement.

The defendant did not file any post-trial motion until January 7, 1995.[4] In that motion, the defendant asked the trial court pursuant to Rule 60 to vacate the October 11, 1994, judgment order, to give credit for the $50,000 settlement previously received by the plaintiffs, and to enter a new order stating that there is no balance due the plaintiffs from the defendant.

A hearing was held on the motion on January 13, 1995, and the trial court initially ruled that the defendant was entitled to have the settlement amount applied to the verdict against him. However, upon a motion for

---

1. Rule 59(e) states: *"Motion to alter or amend a judgment.*—A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

2. Rule 60(a) and (b)(5) provide:
   "(a) *Clerical mistakes.*—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
   "(b) *Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evi-*

dence; *fraud, etc.*—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]"

3. Specifically, the jury awarded damages to Loretta Savage in the amount of $10,000, to Mary Kline in the amount of $15,000, and to Patricia L. Johnson in the amount of $15,000.

4. Although Booth's Food Company, Inc., is not a named party, the defendant filed this motion on behalf of himself and the company.

reconsideration filed by the plaintiffs, the trial court changed its decision ruling the defendant failed to file a timely motion pursuant to Rule 59(e). The trial court also ruled but for the timeliness problem the defendant would have been entitled to receive credit against the verdict.

## II.

### DISCUSSION

■ We first must determine the scope of appellate review in the instant case. We repeatedly have emphasized that the West Virginia Rules of Civil Procedure do not recognize a "motion for reconsideration." This Court will consider a motion for reconsideration in one of two ways. If a motion is filed within ten days of judgment, the motion is treated as a motion to alter or amend judgment under Rule 59(e). Alternatively, if it is filed more than ten days after entry of judgment, we look to Rule 60(b) to provide the basis for analysis of the review.[5] The trial court ruled that Rule 59(e) was not applicable because the motion for reconsideration was not filed within ten days after the final judgment order had been entered. As to this point, we agree. The defendant's motion for reconsideration was labeled a Rule 60 motion and the trial court made no reference to Rule 60 in denying relief. The defendant now appeals this aspect of the trial court's decision and, for reasons discussed below, we reverse and remand.

5. Rule 59(e) and Rule 60 provide for different motions directed to similar ends. Rule 59(e) governs motions to "alter or amend" a judgment. Rule 60, which is divided into two distinct but important sections, governs requests for relief from a judgment or order for various listed reasons. Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b), but each motion seeks to erase the finality of a judgment and to allow further proceedings. Rule 59(e) contains a strict ten-day limit, while Rule 60(b) allows an eight-month period, sometimes more. We establish a bright-line rule for distinguishing Rule 59(e) motions from Rule 60(b) motions. The time of a motion's service controls whether a *motion challenging a judgment is a Rule 60(b) or Rule 59(e) motion.* Such a motion, if served within ten days of a final judgment is a Rule 59(e) motion. Conversely, a motion served more

## A.

### *Rule 60(a) of the West Virginia Rules of Civil Procedure*

■ Rule 60(a) is designed to correct clerical errors in "judgments, orders, or other parts of the record as well as the correction of errors arising from oversight or omission." 11 Charles A. Wright, Arthur R. Miller, and Mary K. Kane, *Federal Practice and Procedure* § 2854 at 239 (1995).[6] We recently discussed the requirements of Rule 60(a) in *Johnson v. Nedeff,* 192 W.Va. 260, 452 S.E.2d 63 (1994), where we stated in Syllabus Point 3:

> "Rule 60(a) of the West Virginia Rules of Civil Procedure applies to clerical errors made through oversight or omission which are part of the record and is not intended to adversely affect the rights of the parties or alter the substance of the order, judgment or record beyond what was intended."

*See also* Syl. pt. 4, *Barber v. Barber,* 195 W.Va. 38, 464 S.E.2d 358 (1995). We further explained in *Johnson* that " ' "a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced" ' " while more substantial errors " ' "are to be corrected by a motion under Rules 59(e) or 60(b)." ' " 192 W.Va. at 265, 452 S.E.2d at 68, *quoting Woods v. Guerra,* 187 W.Va. 487, 489, 419 S.E.2d 900, 902 (1992), *quoting* Charles A. Wright and Arthur R. Miller,

than ten days after a final judgment is a Rule 60(b) motion.

This bright-line rule simplifies treatment of the motions. The rule reduces the confusion often caused when movants haphazardly title and characterize motions asking that a judgment be reopened. It makes decisions easier for both judges and litigants and, because Rule 59(e) tolls the time period for appeal, which Rule 60(b) does not, it makes it easier for an appellate court to be sure when it has jurisdiction over an appeal. Of course, the substantive standards of the two rules still differ. Our discussion only addresses which rule applies.

6. The language of Rule 60(a) of the West Virginia Rules of Civil Procedure is identical to Rule 60(a) of the Federal Rules of Civil Procedure.

*Federal Practice and Procedure* § 2854 at 149 (1973).

In *Johnson,* 192 W.Va. at 265, 452 S.E.2d at 68, we also quoted *Stephenson v. Ashburn,* 137 W.Va. 141, 146, 70 S.E.2d 585, 588 (1952), which defined a clerical error under W.Va. Code, 58–2–5 (1923),[7] the predecessor to Rule 60(a), as:

> " 'An error committed in the performance of clerical work, no matter by whom committed; more specifically, a mistake in copying or writing; a mistake which naturally excludes any idea that its insertion was made in the exercise of any judgment or discretion, or in pursuance of any determination; an error made by a clerk in transcribing, or otherwise, which must be apparent on the face of the record, and capable of being corrected by reference to the record only.' " (Citation omitted).

*See also Barber v. Barber,* 195 W.Va. 38, 42–43, 464 S.E.2d 358, 362–63 (1995).

In *Abbot v. Bonsall,* 164 W.Va. 17, 263 S.E.2d 78 (1979), we faced an analogous situation to the one at bar. In *Abbot,* the trial court acknowledged " 'that a mistake was indeed made' " in a final decree setting forth the amount a husband owed his wife in child support and alimony. 164 W.Va. at 17–18, 263 S.E.2d at 78. The husband moved the trial court to correct the error pursuant to Rule 60(a), but the trial court refused on the grounds the motion was made "more than eight months after the erroneous order—a time limit set in Rule 60(b)." 164 W.Va. at 17–18, 263 S.E.2d at 78. We held that the error was "purely clerical, involving miscalculation of the child support both by counsel in the separation agreement and by the court in the final decree." 164 W.Va. at 18, 263 S.E.2d at 78. We, therefore, concluded the

trial court was not time barred from correcting the mistake. 164 W.Va. at 18, 263 S.E.2d at 79.[8]

In a substantially similar case to the one at bar, the Supreme Judicial Court of Maine held in *Mockus v. Melanson,* 615 A.2d 245 (Me.1992), that the lower court properly utilized Rule 60(a) of the Maine Rules of Civil Procedure when it deducted a settlement amount from an original default judgment that previously was entered. In *Mockus,* the party who was awarded the default judgment argued that the opposing party's failure "to request the set-off at the hearing on her motion for a default judgment or to seek an amendment of the judgment as provided in M.R.Civ.P. 59(e), foreclose[d] the court from granting [the opposing party's] motion pursuant to M.R.Civ.P. 60(b)(6)." 615 A.2d at 247–48. The Supreme Judicial Court found the lower court was required to give credit for the settlement as a matter of law, and, thus, there was no error in correcting the oversight. 615 A.2d at 248. *See also Smith v. Insurance Co. of N. Am.,* 213 F.Supp. 675, 680 (M.D.Tenn.1962), *rev'd, in part, on other grounds, Trice v. Commercial Union Assur. Co., Ltd.,* 334 F.2d 673 (6th Cir.1964), *cert. denied,* 380 U.S. 915, 85 S.Ct. 895, 13 L.Ed.2d 801 (1965) (although the court found an appealable order did not exist, nevertheless, the plaintiff's motion that the defendants should not have been given credit in the amended judgment order for settlement payments made because credit "was so obviously implicit in the original judgment that its omission may properly be regarded as an inadvertent error subject to correction at any time under Rule 60(a)").

■ We have said that "[t]he use of the term 'may' in Rule 60(a) indicates that the

---

**7.** W.Va.Code, 58–2–5, provides, in relevant part: "A court in which is rendered a judgment or decree in a cause wherein there is in a declaration or pleading, or in the record of the judgment or decree, any mistake, miscalculation, or misrecital of any name, sum, quantity or time, when the same is right in any part of the record or proceedings, or when there is any verdict, report of a commissioner, bond, or other writing, whereby such judgment or decree may be safely amended, ... or on a verdict in an action for more damages than are mentioned in the declaration, may, or, in the

vacation of the court in which any such judgment or decree is rendered, the judge thereof may, on motion of any party, amend such judgment or decree according to the truth and justice of the case[.]"

**8.** *Citing Mickle v. Mickle,* 334 So.2d 900 (Ala. 1976); *Luckes v. Luckes,* 262 Ark. 770, 561 S.W.2d 300 (1989); *Young v. Gardner–Denver Co.,* 244 Cal.App.2d 915, 53 Cal.Rptr. 522 (1966); *Dauderman v. Dauderman,* 130 Ill.App.2d 807, 263 N.E.2d 708 (1970).

court's authority to correct errors is discretionary." *Robinson v. McKinney,* 189 W.Va. 459, 465, 432 S.E.2d 543, 549 (1993). However, we conclude as a matter of law that upon the defendant's motion the trial court was required to deduct the settlement amount from the jury verdict prior to entering the final judgment. The trial court's initial failure to give such credit was a mere oversight and does not arise to the level of more substantial errors which must be considered pursuant to Rule 59(e) or Rule 60(b). Therefore, the trial court should have corrected the error pursuant to Rule 60(a).

### B.

### *Credit for Settlement Agreements*

█ It is clear in West Virginia that when a settlement agreement is reached with one joint tort-feasor other joint tort-feasors are entitled to receive credit for the settlement amount paid. This principle was established firmly in Syllabus Point 5 of *Board of Education of McDowell County v. Zando, Martin & Milstead, Inc.,* 182 W.Va. 597, 390 S.E.2d 796 (1990), which states:

> " ' "Where a payment is made, and release obtained, by one joint tort-feasor, the other joint tort-feasors shall be given credit for the amount of such payment in the satisfaction of the wrong." Point 2, Syllabus, *Hardin v. The New York Central Railroad Company,* 145 W.Va. 676 [116 S.E.2d 697 (1960) ].' Syllabus Point 1, *Tennant v. Craig,* 156 W.Va. 632, 195 S.E.2d 727 (1973)."

We further emphasized in *Zando* that an injured plaintiff should receive but *one* recovery in complete satisfaction for the wrong suffered. 182 W.Va. at 604, 390 S.E.2d at 803. Public policy strongly disfavors a plaintiff obtaining a double recovery. 182 W.Va.

at 606, 390 S.E.2d at 805. Thus, we held a nonsettling defendant shall receive "a *pro tanto,* or dollar-for-dollar, credit for partial settlements against any verdict ultimately rendered for the plaintiff." 182 W.Va. at 606, 390 S.E.2d at 805. (Citations omitted).

█ Despite this clear mandate, the plaintiffs in the present case argue that the defendant's actions were *malum in se,* that is to say "[a] wrong in itself," [9] and, therefore, the defendant is not entitled to contribution from his co-defendant, Tri–State Airport Authority. Accordingly, the plaintiffs assert that the settlement agreement should not be credited towards the jury award. As support, the plaintiffs cite *Mackey v. Irisari,* 191 W.Va. 355, 445 S.E.2d 742 (1994); *Haynes v. City of Nitro,* 161 W.Va. 230, 240 S.E.2d 544 (1977); *Hutcherson v. Slate,* 105 W.Va. 184, 142 S.E. 444 (1928); and *Buskirk v. Sanders,* 70 W.Va. 363, 73 S.E. 937 (1912).

█ Upon review of each of these cases, we find no merit to the plaintiffs' argument that the defendant should not receive credit for the settlement paid. The general principle set forth in each of these cases is illustrated by Syllabus Point 3 of *Haynes v. City of Nitro,* 161 W.Va. 230, 240 S.E.2d 544 (1977), which states: "In West Virginia one joint tort-feasor is entitled to contribution from another joint tort-feasor, except where the act is *malum in se." See also Cline v. White,* 183 W.Va. 43, 393 S.E.2d 923 (1990); W.Va.Code, 55–7–12 (1923) [10]; W.Va.Code, 55–7–13 (1923).[11] However, in each of these cases, it is plain that the right to assert an act is *malum in se* to avoid contribution belongs to a joint-tortfeasor. To permit a plaintiff to raise this issue in cases like the one at bar merely serves to give the plaintiff an amount of money greater than what the jury determined was necessary for complete satisfaction for the wrong suffered. Under the facts of this case, we can think of no

---

9. *Black's Law Dictionary* 959 (6th ed. 1990).

10. W.Va.Code, 55–7–12, states:

> "A release to, or an accord and satisfaction with, one or more joint trespassers, tort-feasors, shall not inure to the benefit of another such trespasser, or tort-feasor, and shall be no bar to an action or suit against such other joint trespasser, or tort-feasor, for the same cause of action to which the release or accord and satisfaction relates."

11. W.Va.Code, 55–7–13, provides:

> "Where a judgment is rendered in an action *ex delicto* against several persons jointly, and satisfaction of such judgment is made by any one or more of such persons, the others shall be liable to contribution to the same extent as if the judgment were upon an action *ex contractu.*"

reason why the plaintiffs should receive a double-recovery windfall, nor are we cited any cases that permit such a windfall.[12] Thus, the defendant in the present case was entitled to credit for the $50,000 settlement of the Tri–State Airport Authority.

 Awarding credit for a settlement amount usually is accomplished in one of two ways. As we described in *Cline v. White,* 183 W.Va. 43, 46, 393 S.E.2d 923, 926 (1990),[13] the first way it may be accomplished is by informing the jury of the settlement before deliberations and instructing the jurors to deduct the settlement amount from the verdict. The second way credit is given is by not informing the jury of the settlement and leaving to the trial court the responsibility of deducting the settlement amount from the verdict prior to entering the judgment. 183 W.Va. at 46, 393 S.E.2d at 926. As previously indicated, the jury in the present case was not informed of the settlement amount prior to its deliberations. As a result, it became the responsibility of the trial court to give credit to the defendant before it entered the final judgment. Indeed, in the final order, the trial court concedes that the defendant was entitled to the credit but declined to amend the order on the grounds that the defendant filed an untimely motion under Rule 59(e). We find that the order should have been amended pursuant to Rule 60(a).

### III.

### CONCLUSION

For the aforementioned reasons, we reverse the final order of the Circuit Court of Wayne County and remand this case for entry of a judgment consistent with this opinion.[14]

Reversed and remanded.

---

12. The jury verdict form does not indicate that punitive damages were awarded. It only separates the damages according to what each of the remaining three plaintiffs are entitled to receive. *See* note 3, *supra.*

13. *Citing Groves v. Compton,* 167 W.Va. 873, 880, 280 S.E.2d 708, 712 (1981).

14. In the October 11, 1994, order which entered the jury verdict, the trial court stated that after it granted the Tri–State Airport Authority's motion for a directed verdict as to the plaintiff Thelma Baisden, "a brief recess was taken in the proceedings and a settlement was reached between all named plaintiffs and the defendant, Tri–State Airport Authority." If the settlement agreement made with "all named plaintiffs" included Thelma Baisden, it is conceivable that at least some of the plaintiffs were not compensated by the settlement for the full amount of the jury award. For example, if the settlement is to be divided equally amongst the four plaintiffs, each plaintiff will receive $12,500. However, the jury awarded plaintiffs Mary Kline and Patricia L. Johnson $15,000 each. *See note 3, supra.* Thus, the defendant still would owe each of these plaintiffs $2,500. We do not have the terms of the settlement agreement before us and make no ruling as to what, if anything, the defendant may owe. Nevertheless, if the facts demonstrate that any of the plaintiffs were not satisfied completely by the settlement, those plaintiffs may raise such issue before the trial court for its consideration prior to entry of the final order.