# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Anne L. Ayers,**
**Plaintiff Below, Petitioner**

**vs) No. 19-0783** (Berkeley County 16-C-220)

**State Farm Insurance, LLC Corp. Offices,**
**Holly Garver, Adjustor,**
**Michael Steele, Adjustor,**
**State Farm Insurance Co., LLC,**
**Charles Piccirillo,**
**Defendants Below, Respondents**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Anne L. Ayers, by counsel Jeremy B. Cooper, appeals the August 6, 2019, order of the Circuit Court of Berkeley County denying her petition for relief from that Court's May 1, 2019, order granting summary judgment in favor of Respondents State Farm Insurance Co., LLC; State Farm Insurance, LLC Corp. Offices; Holly Garver, Adjustor; Michael Steele, Adjustor; State Farm Insurance Co., LLC; and Charles Piccirillo (together "State Farm").[1] Respondents, by counsel Charles S. Piccirillo and Carl W. Shaffer, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

A leaking hot water tank in petitioner's home damaged her property. Petitioner hired CRDN of Baltimore and Service Master of Martinsburg to do the remediation work. State Farm Fire and Casualty Co., petitioner's homeowner's insurance carrier, paid petitioner $151,456.98 for her water loss claim. Petitioner claimed this amount was insufficient as some of her personal property was stolen, lost, or allowed to be lost by CRDN of Baltimore and Service Master of Martinsburg whom she claims were working at State Farm's behest. State Farm refused to pay

---

[1] In Respondent State Farm Fire and Casualty Co.'s answer to Petitioner Ayers' complaint, it notes that petitioner wrongfully identified it as "State Farm Insurance Co., LLC" and "State Farm Insurance, LLC Corp. Offices."

petitioner for her theft claim due to a lack of proof of any theft.

On May 9, 2016, petitioner, who was self-represented below, brought this action against State Farm by filing various complaints and other documents. From these writings, the circuit court identified five claims for relief: (1) common law bad faith under *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W. Va. 323, 352 S.E.2d 73 (1986), regarding the handling of petitioner's claim; (2) statutory bad faith under the Unfair Trade Practices Act, West Virginia Code § 33-11-4(9); (3) breach of contract; (4) vicarious liability for the actions of co-defendants CRDN of Baltimore and Service Master of Martinsburg; and (5) punitive damages. State Farm answered (1) disclaiming responsibility for CRDN of Baltimore's and Service Master's conduct; (2) denying that petitioner's homeowner's insurance contract was breached; (3) denying that petitioner's water damage claim was prematurely closed; and (4) denying the applicability of any of the other theories of liability advanced by petitioner. Petitioner's "Response" included numerous appendices documenting the personal property she claimed was lost or had been stolen during the remediation process. Petitioner thereafter supplemented the appendices until there were more than one thousand pages of photographs, checks, receipts, ledgers, letters, and other documents.

The circuit court entered a scheduling order that was modified many times due to petitioner's numerous motions. State Farm claims that petitioner's motions were cryptic and difficult to follow. State Farms also claims petitioner submitted numerous old photographs, check registers, and other documents, each purportedly evidencing items, many of which were decades old, that were allegedly lost or stolen during the remediation of her property. State Farm avers that petitioner presented no evidence that the items were stolen and, instead, stated only that she could no longer find the items. Finally, State Farm asserts that petitioner focused on conspiracy theories that were not based in fact.

Throughout the case, both CRDN of Baltimore and Service Master of Martinsburg filed multiple motions to dismiss them from this case on procedural grounds. However, the court eventually granted both CRDN of Baltimore's and Service Master of Martinsburg's motions to dismiss on statute of limitations grounds.[2]

Thereafter, State Farm filed a motion for summary judgment. State Farm argued that (1) petitioner failed to produce evidence that would support a triable issue of fact, i.e., she could not support her claim that State Farm was liable for petitioner's allegedly lost or stolen personal property; and (2) petitioner failed to produce evidence of any relationship between State Farm and CRDN of Baltimore or Service Master of Martinsburg to justify a *respondeat superior* theory of liability. State Farm further argued that the court's dismissal of petitioner's claims against CRDN of Baltimore and Service Master of Martinsburg barred State Farm's liability for their conduct.

Regarding State Farm's motion for summary judgment, the circuit court instructed petitioner to consider Rule 56 of the Rules of Civil Procedure in her response and to set forth facts

---

[2] Petitioner appealed the circuit court's dismissal of CRDN of Baltimore and Service Master of Martinsburg to this Court, but the respondents to that appeal filed a motion to dismiss that was granted by the Court. Therefore, the appeal was not considered on the merits.

and argument demonstrating a genuine issue of material fact for trial. Petitioner thereafter filed her response, but she failed to comply with the circuit court's instructions.

By order entered May 1, 2019, the circuit court granted State Farm's motion for summary judgment on all claims. Based upon the record presented, the circuit court found as follows:

> [Petitioner] claims that State Farm did not compensate her for a vast number of items that she alleges were either lost due to water damage or theft. [Petitioner] attempts to support her claim with volumes of decades-old photographs, receipts, and "ledgers" (among other things) purportedly showing ownership of items from clothing to binder clips. However, showing that she perhaps once owned an item fails to prove that she no longer has it. It is not proof that it was destroyed or stolen during the relevant time period. No "reasonable inferences" in [petitioner's] favor can be drawn from her bare allegations[.]

> Moreover, many of [petitioner's] allegations against State Farm defy credulity. For example, [petitioner] suggests that State Farm is party to a conspiracy to cover up the alleged murder of her sister in California by a possible serial killer. She also insists that State Farm has clandestinely followed and surveilled her, bribed her "secretary" to interfere with her efforts to collect on her claim, and hired police officers or those purporting to be police officers to follow and harass her. There is simply no evidence supporting any of this pure speculation, and, [petitioner's] theories are light years beyond the realm of reasonable probability.

> . . . . From the admissible facts advanced by [petitioner], a jury could not draw inferences in [petitioner's] favor sufficient to meet her burden of production. A court is not required to summons . . . citizens to indulge [petitioner's] unsubstantiated musings.

> [Petitioner also] argues that State Farm is vicariously liable for the alleged theft by . . . CRDN of Baltimore and Service Master [of Martinsburg], the entities that performed remediation work on [petitioner's] home associated with her water damage. Vicarious liability may be imposed where (1) a master-servant or employment relationship exists and (2) the servant or employee was acting within the scope of employment when he commits a tort. *See Courtless v. Jolliffe*, 507 S.E.2d 136, 139-40 (W. Va. 1998); *see also* Syl Pts. 5, 7, *id.* No reasonable jury could conclude that either element is present in this case.

On May 16, 2019, the circuit clerk received petitioner's response to the court's May 1, 2019, order granting summary judgment. Petitioner titled her response "Objections and motion for the judge to correct, complete, reverse, or nullify his dismissal with prejudice based on the false ex parte hearsay & motion for judge to recuse himself and declare a mistrial."

Rule 59(e) of the West Virginia Rules of Civil Procedure requires any motion challenging a judgment to "be filed not later than 10 days after entry of the judgment." The court found that the certificate of service for petitioner's document shows it was placed in the mail, i.e., "served"

upon the circuit clerk and counsel, on May 13, 2019, eight court days after the entry of the court's May 1, 2019, order. The document was time stamped or "filed" by the circuit clerk on May 16, 2019**,** *eleven* court days after the entry of the May 1, 2019, order**.** Because petitioner's motion challenging the summary judgment order was filed more than ten days after entry of the judgment in this case, the circuit court refused to consider the motion under Rule 59(e). Instead, the circuit court deemed petitioner's motion to be a motion to alter or amend judgment under Rule 60(b).[3] The circuit court then examined petitioner's case for any mistake, excusable neglect, newly discovered evidence, or any other reason for relief under Rule 60(b). Finding no basis, the circuit court denied petitioner's motion to alter or amend its summary judgment order by order entered August 6, 2019.

We review the circuit court's order for an abuse of discretion. This Court has held that "[a] motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 5, *Toler v. Shelton,* 157 W. Va. 778, 204 S.E.2d 85 (1974).

Petitioner raises three assignments of error on appeal. Petitioner first argues that the circuit court erred by construing her motion for relief as arising under Rule 60(b) of the West Virginia Rules of Civil Procedure rather than under Rule 59(e) of those Rules.

The current and relevant version of Rule 59(e) of the West Virginia Rules of Civil Procedure, adopted in 1998, provides that "[a]ny motion to alter or amend the judgment shall be *filed* not later than ten days after entry of the judgment." (Emphasis added.) Petitioner concedes that "Rule 59(e) contains a strict ten-day limit[.]" *Savage v. Booth*, 196 W. Va. 65, 68 n.5, 468 S.E.2d 318, 321 n.5 (1996). Petitioner's brief, however, repeatedly cites to cases interpreting previous, now-superseded versions of Rule 59(e). Those outdated versions of the rule required motions to be "served" rather than "filed" no later than ten days after entry of judgment. For example, as we said in 1996 in *Savage*:

---

[3] Rule 60(b) of the West Virginia Rules of Civil Procedure provides, in part, as follows:

*Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc*. – On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The time of a motion's *service* controls whether a motion challenging a judgment is a Rule 60(b) or Rule 59(e) motion. Such a motion, if *served* within ten days of a final judgment is a Rule 59(e) motion. Conversely, a motion *served* more than ten days after a final judgment is a Rule 60(b) motion.

196 W. Va. at 68, 468 S.E.2d at 321 (emphasis added). Petitioner essentially contends this Court should ignore the requirement in the now-effective 1998 version of Rule 59(e) that a motion be *filed* within ten days, and instead permit consideration of motions *served* within ten days as was permitted under prior iterations of the rule. Petitioner notes that the certificate of service attached to petitioner's motion to alter or amend shows it was mailed to the circuit clerk and counsel on May 13, 2019, eight business days after the May 1, 2019, entry of the order granting summary judgment to State Farm. Petitioner therefore claims the motion was timely.

We reject petitioner's argument, because the motion was not received and filed by the circuit clerk until May 16, 2019. In 1998, this Court amended Rule 59(e) and replaced the word "served" with the word "filed." Counting the days as prescribed by Rule 6(a) of the Rules of Civil Procedure, petitioner filed her motion to alter or amend judgment eleven court days after the entry of the order granting summary judgment to State Farm. Thus, because the motion was not filed within ten days of the entry of the order, the motion could only be considered by the circuit court under Rule 60(b) of the Rules of Civil Procedure. Accordingly, we find no error.

In petitioner's second assignment of error, she argues that the circuit court erred by granting summary judgment to State Farm because the court's order incorrectly asserts that petitioner did not present a "scintilla of evidence" to back up her claims. Petitioner highlights the fact that she submitted more than a thousand pages documenting her lost or stolen property, which she asserts is dramatically more than a scintilla of evidence. Petitioner notes that her response alone contained dozens of spread sheets, photographs, affidavits, receipts, and cancelled checks. Further, petitioner asserted that State Farm paid her vastly less than what it should have paid, and this fact alone justified sending her case to a jury.

Our law is clear that "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler*, 157 W. Va. at 778, 204 S.E.2d at 86. Petitioner's motion merely reiterated her allegations of criminal conspiracies and ex parte communications, cited inapposite case law and legal principles, and attempted to relitigate summary judgment anew. In her brief on appeal, she again seeks to challenge the substance of the circuit court's summary judgment ruling. Under *Toler*, we are precluded from considering petitioner's challenge to the circuit court's summary judgment ruling. Thus, we reject this assignment of error.

Finally, in petitioner's third assignment of error, she argues that the circuit court abused its discretion in denying relief under Rule 60(b). Petitioner argues that, to the extent the circuit court's award of summary judgment to State Farm was based on the manner in which petitioner presented her evidence, it could be deemed "mistake," "inadvertence," or "excusable neglect" subject to relief under Rule 60(b). Petitioner also asserts a litany of unanswered motions, many of which

were related to unfulfilled discovery requests, which she claims might support relief under Rule 60(b). As her final plea, petitioner notes that Rule 60(b) "is to be liberally construed for the purpose of accomplishing justice and . . . was designed to facilitate the desired legal objective that case are to be decided on the merits." Syl. Pt. 6, in part, *Toler*, 157 W. Va. at 778, 204 S.E.2d at 86.

We disagree and find that the circuit court did not abuse its discretion in denying petitioner's motion to alter or amend its grant of summary judgment in favor of State Farm. In response to State Farm's motion for summary judgment, petitioner was required to "identify specific facts in the record and articulate the precise manner in which that evidence supports its claims." *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W. Va. 692, 699, 474 S.E.2d 872, 879 (1996). As the circuit court found, petitioner's often-illegible ledgers, receipts, and decades-old photographs were insufficient to create a triable issue of destruction or theft because they were unaccompanied by any context or corroborating evidence. Accordingly, the circuit court found that, because no "reasonable inferences" "within the range of reasonable probability" could be drawn in petitioner's favor, summary judgment in State Farm's favor was proper. Furthermore, petitioner failed to offer any proof that State Farm maintained any rights to supervise the work of CRDN of Baltimore or of Service Master of Martinsburg. Vicarious liability could only be imposed upon State Farm if petitioner made a showing that State Farm had "the right to control or supervise the work in question[.]" Syl. Pt. 2, *Spencer v. Travelers Ins. Co.*, 148 W. Va. 111, 133 S.E.2d 735 (1963). Stated simply, petitioner failed to identify any specific ground for relief under Rule 60(b), and we see nothing in the record to show that the circuit court abused its discretion when it denied petitioner's motion to alter or amend its summary judgment order.

Accordingly, for the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Beth Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

6