**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Harvey Smith,**
**Plaintiff Below, Petitioner**

**vs.)  No. 22-0044** (Raleigh County CC-41-21-C-54)

**Beckley Water Company, Inc.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Harvey Smith appeals the order of the Circuit Court of Raleigh County, entered on January 12, 2022, denying his "Rule 59(e) Motion to Alter or Amend Judgment and/or 60(b) Motion for Relief from Judgment or Order and Affirming Grant of Defendant's Motion for Summary Judgment." Respondent Beckley Water Company, Inc. ("the water company") was the defendant below.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. Proc. 21.

*The Procedural History*

Mr. Smith filed his complaint on February 26, 2021. He alleged that a broken water line near his home caused a leak that damaged a driveway and sidewalk on his property. He asserted that the water company repaired the water line and assured him that its representative would contact him to initiate property repairs, but that the water company neither contacted him nor returned his calls. Based on his allegations that the water company negligently maintained its water line, Mr. Smith demanded reparation for property damage and annoyance and inconvenience.

To address the complaint, the water company filed a motion for summary judgment, arguing that Mr. Smith's claim is barred by the applicable statute of limitations.[2] In support, it

---

[1] Petitioner appears by counsel Russell O. Wooton. Respondent appears by counsel Monté L. Williams and R. Mitch Moore.

[2] West Virginia Code § 55-2-12 provides:

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for

(continued. . .)

1

attached the company's record of Mr. Smith's report of damage, as well as an affidavit from a water company engineer attesting that the issue was resolved by repair on February 7, 2019, and there were no damaged water lines in the vicinity of Mr. Smith's home after that date.

The circuit court entered an order affording Mr. Smith a period to respond to the water company's motion for summary judgment, but Mr. Smith failed to file a response. The court subsequently granted the motion for summary judgment upon finding that Mr. Smith had notice of his potential claim on February 7, 2019, but did not file his complaint until February 26, 2021, after the expiration of the two-year statute of limitations.

Fifteen days after the entry of the circuit court's order granting summary judgment, Mr. Smith filed a "Rule 59(e) Motion to Alter or Amend Judgment and/or 60(b) Motion for Relief from Judgment or Order" ("the first motion") and asked the circuit court to set aside its summary judgment order and allow him an opportunity to file a response to the water company's motion for summary judgment because, he explained, his counsel did not receive the motion for summary judgment. The circuit court permitted Mr. Smith to file a late response. However, it did not specifically order its grant of summary judgment set aside but, instead, held Mr. Smith's first motion in abeyance pending the receipt of his response to the summary judgment motion.

Mr. Smith filed his response to the summary judgment motion five days later. By affidavit, he asserted that the water line break occurred in late March or early April of 2019, and that he continued to suffer property damage several months after the water company worked on the water line. He also argued that the water company's affidavit addressed a leak at an address which is "downhill" from his property, and further argued that the water company's documents are not reliable. He disputed that the water company completed repairs and he attached photos to show that the property remains damaged. Mr. Smith argued that further discovery was required because factual disputes remain.

After reviewing Mr. Smith's response to the water company's motion for summary judgment, the circuit court found that the evidence presented in Mr. Smith's affidavit did not rebut the affidavit and documents supporting the water company's motion for summary judgment. The court, thus, denied Mr. Smith's motion for post-judgment relief and "affirmed" the earlier grant of summary judgment to the water company.

Mr. Smith then filed a second "Rule 59(e) Motion to Alter or Amend Judgment and/or 60(b) Motion for Relief from Judgment or Order" ("the second motion"), reiterating the arguments of his first motion. The circuit court considered the second motion filed pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, and it noted that all of Mr. Smith's arguments supporting the motion were previously considered. The circuit court denied the second motion.

*Analysis*

any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

Mr. Smith asserts eight assignments of error on appeal.[3] Seven of these assignments of error directly relate to the circuit court's treatment of respondent's motion for summary judgment. Before addressing those, we must first cross the threshold matter of Mr. Smith's post-judgment motions, because it is necessary to define the nature of the order on appeal to determine the standard of review.

After the circuit court entered its order granting summary judgment Mr. Smith filed (several months apart) two motions styled "Rule 59(e) Motion to Alter or Amend Judgment and/or 60(b) Motion for Relief from Judgment or Order." We refer to these, as noted above, as "the first motion" and "the second motion." Though Mr. Smith failed to distinctly identify in each motion the rule under which he requested relief (as many litigants do, notwithstanding our repeated cautions), the distinction is critical.

> Rule 59(e) and Rule 60 provide for different motions directed to similar ends. Rule 59(e) governs motions to "alter or amend" a judgment. Rule 60, which is divided into two distinct but important sections, governs requests for relief from a judgment or order for various listed reasons. Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b), but each motion seeks to erase the finality of a judgment and to allow further proceedings. Rule 59(e) contains a strict ten-day limit, while Rule 60(b) allows an eight-month period, sometimes more. We establish a bright-line rule for distinguishing Rule 59(e) motions from Rule 60(b) motions. The time of a motion's service controls whether a motion challenging a judgment is a Rule 60(b) or Rule 59(e) motion. Such a motion, if served within ten days of a final judgment is a Rule 59(e) motion. Conversely, a motion served more than ten days after a final judgment is a Rule 60(b) motion.

> This bright-line rule simplifies treatment of the motions. The rule reduces the confusion often caused when movants haphazardly title and characterize motions asking that a judgment be reopened. It makes decisions easier for both judges and litigants and, because Rule 59(e) tolls the time period for appeal, which Rule 60(b) does not, it makes it easier for an appellate court to be sure when it has jurisdiction over an appeal. Of course, the substantive standards of the two rules still differ. Our discussion only addresses which rule applies.

*Savage v. Booth*, 196 W. Va. 65, 68 n.5, 468 S.E.2d 318, 321 n.5 (1996).

---

[3] He argues that the circuit court erred in (1) granting the summary judgment motion; (2) finding that he failed to rebut respondent's evidence; (3) finding that he failed to offer probative evidence regarding the timing of damages and repairs; (4) finding that facts presented in his affidavit failed to rebut evidence presented by respondent; (5) finding that facts presented in his affidavit failed to establish a precise time that petitioner should have been aware of the cause of action; (6) finding that facts presented in his affidavit are insufficient for a jury to find in his favor; (7) not allowing the litigation to proceed on the merits; and (8) finding that petitioner's second motion was not timely filed.

As noted above, Mr. Smith filed his first motion fifteen days after the circuit court entered its order granting summary judgment. However, our review of the calendar dates relevant to the filings contained in the appendix record on appeal reveals that the first motion was filed on the tenth *business* day after entry of the summary judgment order. The first motion, therefore, was governed by Rule 59(e) of the West Virginia Rules of Civil Procedure. The circuit court ultimately denied the first motion, but nevertheless granted relief when it permitted Mr. Smith's belated response to respondent's motion for summary judgment. After receiving the responsive pleading, the circuit court entered its order denying the first motion.

The nature of the second motion, however, is less clear. The circuit court, without analysis, summarily described the second motion as a Rule 60(b) motion. The second motion was filed seventeen days after the circuit court's denial of the first motion, but within ten *business* days of the circuit court's denial of the first motion. It is on this basis, it seems, that Mr. Smith argues, in his eighth assignment of error, that the circuit court erred when it ruled that the second motion "was filed late." We interpret this argument to be that the circuit court erred in treating the second motion as one governed by Rule 60(b) of the West Virginia Rules of Civil Procedure, when it should have treated it as governed by Rule 59(e) and, thus, required a "lower threshold of proof." See *Savage*, 196 W. Va. at 68 n.5, 468 S.E.2d at 321 n.5. Respondent concedes this point.

We, however, are not persuaded by the argument or the concession. Mr. Smith argues that the circuit court improperly calculated the time between the denial of the first motion and the filing of the second motion. But he fails to acknowledge that the second motion was filed more than four months after the circuit court entered its order granting summary judgment to respondent.[4] The circuit court held its consideration of the first motion in abeyance to allow Mr. Smith the opportunity to respond to the water company's motion for summary judgment but it, notably, did not set aside the grant of summary judgment. Critical to our determination that the summary judgment order was not set aside stands the fact that had the order been set aside, the circuit court would not have denied Mr. Smith's first motion, because the first motion would have been moot. The circuit court entered its final order granting summary judgment on September 3, 2021, and that order remained in effect—albeit subject to the court's reconsideration—when Mr. Smith filed his second motion on January 3, 2022.

While the pendency of a Rule 59(e) motion tolls the time for filing of an appeal, Mr. Smith has not argued that the filing of a Rule 59(e) motion tolls the time under which a litigant can file additional motions with a trial court, and he has offered no authority to persuade us that a litigant could employ such a tactic. We find, therefore, that the circuit court did not err in considering Mr. Smith's second motion—which he, himself, failed to file under a specific rule—as a Rule 60(b) motion. It follows, then, that we review under the pertinent standard:

> "A motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P.,
> is addressed to the sound discretion of the court and the court's ruling on such

---

[4] We do not suggest that Mr. Smith's appeal was not timely filed under West Virginia Code § 58-5-4, as that section applied at the time the circuit court entered its order granting summary judgment. The time for filing the appeal was, of course, tolled by the filing of the first motion, which was served within the appropriate time to be identified as a Rule 59(e) motion.

4

motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syllabus Point 4, *Vanderpool v. Hunt*, 241 W. Va. 254, 823 S.E.2d 526 (2019).

Syl. Pt. 2, *Yurish v. Sinclair Broad. Grp., Inc.*, 246 W. Va. 91, 866 S.E.2d 156 (2021). Furthermore, because we are reviewing the denial of a Rule 60(b) motion, we proceed under a limited scope of review. "An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974).

In his final assignment of error, Mr. Smith challenges the circuit court's consideration of his second motion as one governed by Rule 60(b) when, he argues, it was filed within the ten-day period for a Rule 59(e) motion. This is the extent of Mr. Smith's challenge to the circuit court's denial of his second motion. The remainder of Mr. Smith's assignments of error challenge the substance supporting the circuit court's underlying grant of summary judgment. Having found that Mr. Smith's second motion was a Rule 60(b) motion, we consider only the denial of the Rule 60(b) motion itself, and we do not look behind the grant of summary judgment. Neither Mr. Smith's assignments of error nor his evidence challenge the circuit court's discretion with respect to that ruling. We, therefore, find no evidence that the circuit court abused its discretion in denying Mr. Smith's request for relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 5, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**DISQUALIFIED:**

Justice William R. Wooton
Justice C. Haley Bunn