# CHARLESTON

THOMAS v. MOTT.

Submitted May 26, 1914.   Decided June 16, 1914.

1. CONTRACTS—*Consideration—Necessity.*
   No promise is good in law unless there is a legal consideration in return for it.   (p. 495).

2. SAME—*Valuable Consideration.*
   The doing by one of that which he is already legally bound to do is not a valuable consideration for a promise made to him, since it gives to the promisor nothing more than that to which the latter is already entitled.   (p. 497).

Error to Circuit Court, Summers County.

Action by S. B. Thomas against J. J. Mott.    Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Henry Gilmer* and *A. K. Heflin,* for plaintiff in error.

*T. N. Read,* for defendant in error.

ROBINSON, JUDGE:

To acquire lands and rights for water-power on the New River, Thomas was employed by Mott. By the written contract between them, Thomas as Mott's agent was to obtain the lands and rights, and was to have five per cent commission on the purchases and also compensation for necessary services rendered by him as a lawyer. Thomas actively engaged in the work under the contract, acquired large holdings, and did many things incidental to obtaining the property. After several months the parties had a settlement for the services rendered. By that settlement Mott paid Thomas the sum of five hundred dollars and set over to him 270 shares of the stock of the Dominion Power Company.

Thereafter, by a writing between the parties, Thomas assigned the stock to Mott, and the latter agreed to pay the former the sum of $2700 therefor, with interest from June 1, 1911, provided the power company's holdings were sold under a negotiation then pending, or any other. After this agreement was made and without substituting it, Mott told Thomas that if the deal then pending went through, he would increase the amount of $2700 that he was to pay to $5000. Then later, in a letter to Thomas, Mott referred to this matter as follows: "If I make the deal, and you say it justifies my giving you the increase I promised you in place of stock, which I believe was $5000, I will do it." Mott sold the power company holdings, but at no such figure as he contemplated when he promised $5000 for $2700, and to other parties than those he was dealing with originally.

Subsequent to the settlement for services to which reference has been made, Thomas, as he insists, rendered other services, under the original contract of employment, and incurred expenses therewith. He claims to have acquired

additional lands and rights for Mott and to have rendered several months services of a legal nature about Mott's interests, for which he has not been paid.

With this state of affairs between the parties, Thomas sued Mott in assumpsit on an account aggregating $6789.43, subject to a credit of $1000 which was paid about the time the suit was instituted. The large item of the account is the $5000. The other items pertain to the expenses incurred and the services rendered subsequent to the settlement.

Upon the trial it seems to have been conceded by Mott that he owed the $2700, subject to the payment of the $1000; but he contested all other demands. He claimed that he did not make the more remunerative deal to which the promise of the $5000 had reference, and submitted that in any event no consideration made good his promise to pay $5000 for $2700. In relation to the other demands there was conflicting oral testimony as to Mott's being at all liable for any expenses or services of Thomas subsequent to the settlement, as to the necessity for those expenses and services, and as to the value put on them by Thomas. The jury found for Thomas, the plaintiff, in the sum of $2852.49, and judgment on the verdict followed. He is not satisfied with the amount of the verdict and judgment and has prosecuted this writ of error.

Now, we have endeavored to give only such a statement as relates to the real substance of the case and presents the material issues between the parties. Much that is foreign and immaterial we eliminate from further consideration.

The jury from the conflicting oral testimony were the arbiters as to whether Thomas should be allowed the claims for expenses and services, and as to the amount to which he was entitled in those particulars. It is evident from the verdict, considered in connection with the claims made, that the jury found in Thomas' favor on this score in an amount involved in the verdict. We can not say it is too little. The case was so presented to the jury by the evidence that they had pretty wide range in the matter of determining what amount was justly due Thomas for expenses and services.

(1) It is readily seen from the amount of the verdict that the jury did not sustain Thomas' claim to the whole of the

item of $5000. The court instructed the jury that they could not sustain Mott's promise to pay the increase of $2700 to $5000 unless they found from the evidence that the promise was based on a valuable consideration. This instruction was certainly sound in law. But we have reviewed the record in vain to find proof of a consideration to sustain the promise. No semblance of a consideration is shown for it. The court should have instructed the jury as a matter of law that the promise was void for want of consideration to support it. However, the jury rightly disallowed the claim for the increase over the $2700. No other finding in this particular could be made by them from the uncontroverted evidence on this point.

It must be noticed that Thomas in no way agreed to render services or give anything for the promise made by Mott to give him an increase over the $2700 which Mott was already obligated to pay him. Thomas does claim that he served Mott after the time of the promise, but those services were not rendered in consideration of the promise. He seeks to recover other money for them in this action, under the original contract of employment. Mott says the promise was of a mere gift in case the good fortune which he contemplated at the time came to him. Indeed the testimony of Thomas himself presents it as nothing more. If there was a consideration valid in law underlying the promise whereby he was to get $2300 more than the existing unabrogated contract called for, he should have proved it. Yet he gives us not a line that indicates that there was the least thing moving from him to Mott that would bind them mutually and make Mott's promise good.

It seems unnecessary that we should reiterate that no promise is good in law unless there is a legal consideration in return for it. That elementary principle adjudges the case against Thomas on this writ of error, for indeed the only point on which the verdict of the jury could be disturbed would be the disallowance of the $2300. That sum was not improperly disallowed.

Thomas gave no valuable consideration for Mott's promise of the additional $2300. "A valuable consideration is some legal right acquired by the promisor in consideration of his

promise, or foreborne by the promisee in consideration of such promise.'' Page on Contracts, sec. 274. The record is silent as to Mott's acquiring any legal right from Thomas on the strength of the former's promise to give the latter the additional $2300. It is likewise silent as to Thomas' forbearing any legal right on the strength of the promise.

(2) The only suggestion in the brief of counsel for Thomas as to a consideration on his part for the promise on the part of Mott is that the former continued to render services for the latter. But Thomas was already bound to perform those services, by a contract on which he relies to recover pay for them in this action. The doing by one of that which he is already legally bound to do is not a valuable consideration for a promise made to him. It gives to the promisor nothing more than he already is entitled to. It in fact gives him nothing. The following illustration from an old case suffices: ''Where in the course of a voyage from London to the Baltic and back two seamen deserted, and the captain, being unable to supply their place, promised the rest of the crew that if they would work the vessel home the wages of the two deserters should be divided among them, this promise was held not to be binding. 'The agreement,' said Lord Ellenborough, 'is void for want of consideration. There was no consideration for the ulterior pay promised to the mariners who remained with the ship. Before they sailed from London they had undertaken to do all they could under all the emergencies of the voyage.  *  * The desertion of a part of the crew is to be considered an emergency of the voyage as much as their death; and those who remain are bound by the terms of their original contract to bring the ship in safety to her destined port.' Here then the sailors promised no more than their contract already bound them to do.'' Anson on Contracts, (2nd Amer. ed.), 106; *Stilck* v. *Meyrick*, 2 Camp. 317.

The instructions to the jury were pertinent to the case and correctly propounded the law. A careful review of the record leads us to the conclusion that there is no error. The judgment will be affirmed.

*Affirmed.*