# CHARLESTON.

BANNER WINDOW GLASS CO. v. LEONIE H. BARRIAT *et als.*

Submitted March 9, 1920.    Decided March 16, 1920.

1. GIFTS—*Agreement to Make Gift in Future is Without Binding Effect Until Subject Has Been Delivered to Donee.*

   A promise by the holder of stock in a corporation to pay all the dividends thereafter earned thereon to a certain party, for which promise there is no consideration, cannot be enfoced. It is simply an agreement to make a gift in the future, and has no binding force or effect until the subject of such gift has been delivered to the donee. (p. 752).

2. CONTRACTS—*Promise of Party to Contract is Not Good Consideration for Undertaking of Other Party Thereto Unless it Imposes Legal Liability.*

   The promise of a party to a contract, in order to be a good consideration for the undertaking of the other party thereto, must be such as to impose a legal liability. Where the promise relied upon as constituting the consideration for the contract does not impose any legal liability upon the promissor, it will not ordinarily be held to be a sufficient consideration for the undertaking on the part of the other party. (p. 152).

Appeal from Circuit Court, Kanawha County.

Interpleader suit by the Banner Window Glass Company against Leonie H. Barriat, Henry Barriat and another. Decree for defendant Henry Barriat, and Leonie H. Barriat appeals.

*Affirmed.*

*Horan & Pettigrew,* for appellant.
*A. M. Belcher,* for appellee.

RITZ, JUDGE:

On the 24th of February, 1914, Fernand Barriat and Henry Q. Barriat, brothers, each being the owner of eight shares of the stock of Banner Window Glass Company, executed a writing by which they mutually agreed to pay to their father and mother, or the survivor, all dividends thereafter declared upon said shares of stock. This paper was delivered to the father and by him turned over to the Banner Window Glass Company, and thereafter all the dividends were regularly paid to the father until his death, after which time they were paid to the mother until the controversy here involved arose in the month of May, 1918. Early in 1918 the Banner Window Glass Company sold its plant and properties, and it was ascertained that it had on hand assets, which had been derived from earnings during the time it had been in business, amounting to the sum of $65,000.00. It also received $65,000.00 in cash for its plant and properties. The $65,000.00 which was on hand and which had been earned by the company was declared in a dividend to the stockholders, and it was determined as soon as matters were adjusted to declare the remaining $65,000.00 which had been received for the sale of its properties in a like dividend. At this time the defendant Henry Barriat notified the Window Glass Company not to pay any dividends declared on his eight shares of stock in accordance with the writing above referred to, and demanded that such dividends be paid to him, his mother likewise demanding that the dividends be paid to her in accordance with the writing entered into. His brother, Fernand Barriat, also joined with his mother in this demand. This interpleader suit was then brought by the Glass Company for the purpose of determining to whom the dividends should be paid upon the eight shares of stock held by Henry Barriat, as well as the eight shares held by

Fernand Barriat.   Pending the suit Fernand assigned and transferred his eight share of stock to his mother, so that there is no controversy in regard thereto.   Henry filed his answer to the bill claiming that he was entitled to receive the dividends upon the eight shares of stock owned by him; that the writing entered into between him and his brother was simply an executory contract by which they each agreed to give to their father and mother the dividends upon this stock, and that so far as the same remained unexecuted it could be withdrawn at any time. His mother and his brother contest this right, and insist that the mother is entitled to the dividends.   The case was submitted upon an agreed statement of facts, of which the foregoing is a resume.

It will be observed that there was no consideration passing from the father and mother, the beneficiaries of the paper writing, to either of the sons.   It does not appear that either of the sons were under any obligation to support their father and mother, nor is any contention of that sort made in the case, the only contention of the appellants being that Henry Barriat was obliged to carry out his promise made in the writing because it was based on a similar promise made by his brother, while Henry Barriat contends that the promise made in the writing by him is nothing in the world but a declaration of purpose to give the dividends declared on this stock to his parents, and this declaration of purpose to make a gift could be revoked and recalled at any time before the subject of the gift was actually delivered to the donee.   That a promise of one may be a valid consideration for the promise of another is well settled.   It is equally as well settled, however, that in order for such a promise to be a good consideration for the promise of the other party, it must be such as legally binds the promissor so that an action for the breach thereof might be maintained against him.   6 R. C. L., Title, "Contracts" § 84; Page on Contracts, §§ 515, 537, 565; Elliott on Contracts, § 231.   It therefore ineluctably follows that in order for the promise of Fernand Barriat to pay these dividends to his father and mother to constitute a valid consideration for the promise of Henry to do likewise, it must be such a promise as that an action could be maintained against him in case of his refusal.   There is nothing in the case which shows

any consideration passing from anyone to either of the brothers for the promise. It was no more than an executory promise to make a gift, and it is well settled that a promise to make a gift in the future is of no effect, and until the subject matter of the gift has actually been delivered to the donee the donor may withhold performance of his promise. 12 R. C. L., Title, "Gifts" § 9. It would seem quite clear, therefore, that if Fernand Barriat had refused to turn over to his mother these dividends declared in the future she could not maintain a suit against him to collect the same, or to enforce the gift in her favor. This being so, his promise is not such a one as constitutes a valuable consideration for the promise of his brother to do the same thing. It follows, therefore, that inasmuch as there is no valid consideration for the promise upon the part of Henry Barriat he might withhold the gift from the declared object of his bounty at any time before its delivery.

The decree of the circuit court, therefore, holding that Henry Barriatt is entitled to receive the dividends in controversy is plainly right, and the same is affirmed.

*Affirmed.*