# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thane A. Ryder,**
**Petitioner**

**vs.)  No. 18-0865** (Pocohantas County 17-C-13)

**Angelena Ryder,**
**Respondent**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thane A. Ryder, by counsel Paul S. Detch, appeals the Circuit Court of Pocahontas County's September 17, 2018, order denying his motion for reconsideration. Respondent Angelena Ryder, by counsel Jefferson L. Triplett and George R. Triplett, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in determining that the contract at issue was unenforceable, due to either a lack of consideration or as being against public policy, and, further, in determining that the contract was unenforceable because it was a contract to make a will and not an actual will.[1] Petitioner also argues that the circuit court erred in not providing any reasoning as to why

---

[1]Petitioner fails to cite to the record or provide any applicable authority to support his assignment of error that the circuit court erred in determining that the contract was unenforceable because it was a contract to make a will and not an actual will. This failure is in direct violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal. . . . The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and

(continued . . .)

petitioner's father or children could not enforce the contract against petitioner and respondent.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent married in February of 1992. Three children were born of the marriage, all of whom are now adults. In May of 2002, petitioner became aware of a tract of land approximating 608 acres for sale by Robert Jacobson.[2] Petitioner and respondent desired to purchase the tract of land, but did not want to use their house as collateral for the mortgage. For this reason, petitioner and his father, Willie Ryder, agreed to purchase the land together. On May 3, 2002, Mr. Jacobson conveyed the tract of land to petitioner and Willie Ryder as tenants in common for a sum of $360,000. Although not noted as a tenant in common in the deed, respondent contends that she executed "the deed of trust and note," obligating herself to the mortgage, along with petitioner and Willie Ryder.

On the same day, petitioner and Willie Ryder executed an agreement that reads as follows:

> THIS AGREEMENT, Made and entered in to by and between Willie A. Ryder and, Thane A. Ryder, this the 3rd of May, 2002, wherein it is agreed as follows:
>
> WHEREAS, the parties hereto are acquiring a tract of land containing 610 acres, more or less, from Robert S. Jacobson in the Huntersville District of Pocahontas County, West Virginia, and
>
> WHEREAS, the parties have agreed to its disposition on the death of either, NOW, THEREFORE it is agreed as follows:
>
> [] The parties shall by will or other testamentary document provide for disposition of said property on death as follows:
>
> [] WILLIE A. RYDER'S portion shall descend to Thane A. Ryder:

---

specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. "[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Therefore, this argument will not be considered on appeal.

[2]The record indicates the tract of land was described as being 608 or 610 acres, "more or less."

[] THANE A. RYDER'S portion shall descend to his wife Angelena Ryder for her lifetime and at her death the same shall descend to their children, namely, Jacob Austin Ryder, Lucas Tyler Ryder, and Levi Ashley Ryder.

[] This document may be and is a contract to make a will and may be enforced by either party.

WITNESS the following signatures this the 3rd day of May, 2002.

Respondent admits to being in the room while Willie Ryder and petitioner discussed this agreement with Willie Ryder's attorney, but denies participating in the conversation. Willie Ryder and petitioner signed the agreement, but respondent did not review the document or sign it. This agreement was never recorded at the county clerk's office.

Respondent filed for divorce in January of 2016. During the divorce proceedings before the family court, petitioner argued that the 2002 agreement only granted respondent a marital interest in what he described as a life estate in the tract of land for the purposes of equitable distribution. The family court found that the 2002 agreement was unenforceable, as there was no consideration and because respondent was not a party to the agreement. As such, the family court found that respondent was entitled to an undivided, one-half marital interest in the one-half fee interest acquired by petitioner. Petitioner advised the family court of his intent to file a declaratory judgment action with the circuit court and moved to stay the divorce proceedings in the meantime. The stay was granted.[3]

Around June of 2017, petitioner filed a petition for declaratory judgment with the Circuit Court of Pocahontas County, requesting a determination of the ownership rights with regard to the tract of approximately 608 acres.[4] In an order entered August 20, 2018, the circuit court found that petitioner's and Willie Ryder's 2002 agreement was void and unenforceable for several reasons. First, the agreement lacked consideration. The circuit court found that neither Willie Ryder nor petitioner "gave up anything." Second, the agreement violated public policy. The circuit court noted that allowing a contract void of consideration to divest a spouse of her marital interest would essentially provide a court-sanctioned means of diverting assets and would thereby undermine the laws of equitable distribution. Lastly, the circuit court found that the

---

[3]While the family court initially ruled on the 2002 agreement, petitioner's appeal arises from the circuit court's order denying his declaratory judgment action. None of the findings made by the family court are at issue on appeal.

[4]In addition to requesting a decision in regard to the ownership rights of the tract of land, petitioner also asked the circuit court to grant a constructive trust on approximately seven acres and equipment conveyed by Willie Ryder to petitioner and respondent in 2010. The circuit court ultimately refused to order a constructive trust. Petitioner does not raise any assignments of error with regard to his request for a constructive trust.

agreement could not be construed as a will or testamentary device. Thus, the circuit court determined respondent was entitled to an undivided, one-half marital interest in the one-half of the tract of land acquired by petitioner.

Thereafter, petitioner filed a motion for reconsideration.[5] The circuit court reiterated its findings that the agreement was void and unenforceable for lack of consideration, leaving the deed to control the ownership interests. Because the deed conveying the property to petitioner and his father as tenants in common contained no limiting language, respondent was entitled to "an undivided, one-half marital interest in the one-half fee interest acquired by [petitioner]." The circuit court further noted that, because the agreement was void for lack of consideration, petitioner's children had no interest in the property. Petitioner appeals the circuit court's September 17, 2018, order denying his motion to reconsider its prior order denying his petition for declaratory judgment.

We have previously held that "'[a] circuit court's entry of a declaratory judgment is reviewed *de novo*.' Syl. Pt. 3, *Cox v. Amick*, 195 W. Va. 608, 466 S.E.2d 459 (1995)." Syl. Pt. 2, *Blankenship v. City of Charleston*, 223 W. Va. 822, 823, 679 S.E.2d 654, 655 (2009). "As we explained in *Cox*, 'because the purpose of a declaratory judgment action is to resolve legal questions, a circuit court's ultimate resolution in a declaratory judgment action is reviewed *de novo*.'" *Id.* at 824-25, 679 S.E.2d at 656-57 (citation omitted).

---

[5]At times the parties refer to a petition or motion for "reconsideration." However, we have previously noted that such a motion is not explicitly recognized by the West Virginia Rules of Civil Procedure. For example, we have noted that

> [d]espite the DHHR's designation of its motion as a "motion to reconsider," we take this opportunity to again reiterate that "the West Virginia Rules of Civil Procedure do not explicitly recognize a 'motion for reconsideration.'" *Builders' Serv. & Supply Co. v. Dempsey*, 224 W.Va. 80, 83, 680 S.E.2d 95, 98 (2009) (per curiam) (citations omitted). *Accord Richardson v. Kennedy*, 197 W.Va. 326, 329, 475 S.E.2d 418, 421 (1996) ("Despite our repeated direction to the bench and bar of this State that a 'motion to reconsider' is not a properly titled pleading in West Virginia, it continues to be used."); *Savage v. Booth*, 196 W.Va. 65, 68, 468 S.E.2d 318, 321 (1996) ("[T]he West Virginia Rules of Civil Procedure do not recognize a 'motion for reconsideration.'"). Thus, we repeat our admonition to counsel to refer to a motion for relief from a court's order as a Rule 60(b) motion because the phrase "motion for reconsideration" simply is no longer within the vocabulary of this Court.

*In re Chevie V.*, 226 W. Va. 363, 366 n.6, 700 S.E.2d 815, 818 n.6 (2010). "If a motion [for reconsideration] is filed within ten days of judgment, the motion is treated as a motion to alter or amend judgment under Rule 59(e). Alternatively if it is filed more than ten days after entry of judgment, we look to Rule 60(b) to provide the basis for analysis of the review." *Savage v. Booth*, 196 W.Va. 65, 68, 468 S.E.2d 318, 321 (1996).

On appeal, petitioner argues that the circuit court erred in finding that the agreement was void and unenforceable on the basis that it lacked consideration and violated public policy. According to petitioner, the circuit court ignored the plain language of the agreement and "the circumstances that led to it." Petitioner claims that the agreement does contain consideration in that "at the death of Willie Ryder his portion is to go to [petitioner] and at [petitioner's] death to Angelena for her lifetime, then to the three children of [respondent and petitioner]." Moreover, the agreement limited with whom petitioner and Willie Ryder could be partners.[6] Both petitioner and Willie Ryder were "giving up a right to sell their property and giving a benefit to someone of their approval." Petitioner contends this was sufficient consideration for the agreement. We disagree.

> We have acknowledged "[t]hat consideration is an essential element of, and is necessary to the enforceability or validity of a contract is so well established that citation of authority therefor is unnecessary."[*First Nat. Bank of Gallipolis v. Marietta Mfg. Co.*, 151 W. Va. 636, 642, 153 S.E.2d 172, 177 (1967).] Further, "[n]o promise is good in law unless there is a legal consideration in return for it." [Syl. Pt. 1, *Thomas v. Mott*, 74 W. Va. 493, 82 S.E. 325 (1914).] And, "where there is no benefit moving to the promisor or damage or injury to the promisee, [the contract] is void." [Syl. Pt. 2, in part, *Sturm v. Parish*, 1 W. Va. 125, 144 (1865).] Consideration is a broad term; we have stated that "[a] valuable consideration may consist either in some right, interest, profit or benefit accruing to the one party or some forbearance, detriment, loss or responsibility given, suffered, or undertaken by the other." [Syl. Pt. 1, *Tabler v. Hoult*, 110 W. Va. 542, 158 S.E. 782 (1931).]

*Young v. Young*, 240 W. Va. 169, 174, 808 S.E.2d 631, 636 (2017). We agree with the circuit court's determination that the 2002 agreement between petitioner and Willie Ryder is void for lack of consideration. The question "what did you give to get what you got?" can be instructive as to the issue of whether consideration is present. *Id.* at 176, 808 S.E.2d at 638. Here, neither Willie Ryder nor petitioner gave anything to "get what they got." Facially, the agreement is executed as an exchange of promises: Willie Ryder promises to bequeath his interest in the property to petitioner upon his death and petitioner promises to bequeath his interest in the property to respondent for her life and then to his children. In actuality, petitioner gave up nothing to receive Willie Ryder's interest in the property at the time of his death. Rather, petitioner simply agrees to pass his property to respondent for her life and then on to his children. Willie Ryder receives nothing in return for bequeathing his property to petitioner.

As to contracts for which a return promise supplies the requisite consideration, we have held:

---

[6]Both petitioner and Willie Ryder owned their own logging and/or contracting companies at the time the agreement was signed. They purchased the tract of 608 acres with the intent to timber the land.

The promise of a party to a contract, in order to be a good consideration for the undertaking of the other party thereto, must be such as to impose a legal liability. Where the promise relied upon as constituting the consideration for the contract does not impose any legal liability upon the promisor, it will not ordinarily be held to be a sufficient consideration on the part of the other party.

Syl. Pt. 2, *Banner Window Glass Co. v. Barriat*, 85 W. Va. 750, 102 S.E. 726 (1920). In other words,

[t]hat a promise of one may be valid consideration for the promise of another is well settled. It is equally as well settled, however, that in order for such a promise to be a good consideration for the promise of the other party, it must be such as legally binds the promisor so that an action for the breach thereof might be maintained against him.

*Id.* at 752, 102 S.E. at 727.

Here, petitioner's return promise imposed no legal duty on him. His situation before and after the execution of the agreement remained unchanged. If petitioner had breached the contract, Willie Ryder would have had no recourse against him as he received nothing in return for his promise to bequeath the tract of land to petitioner since, at petitioner's death, the tract of land would go to respondent for her life and then to their children. In the absence of consideration passing in exchange for a promise, "it [is] no more than an executory promise to make a gift, and it is well settled that a promise to make a gift in the future is of no effect . . . until the subject matter of the gift has actually been delivered to the donee." *Young*, 240 W. Va. at 639, 808 S.E.2d at 631 (quoting *Barriat*, 85 W. Va. at 753, 102 S.E. at 727).

While petitioner attempts to argue that the agreement contained consideration in the form of precluding the parties from acquiring partners in timbering the land, we note that his claims are not readily apparent from the text of the agreement. "When a written contract is clear and unambiguous its meaning and legal effect must be determined solely from its contents and it will be given full force and effect according to its plain terms and provisions." Syl. Pt 3, in part, *Kanawha Banking & Trust Co. v. Gilbert*, 131 W. Va. 88, 46 S.E.2d 225 (1947). Further, "where the provisions are free from ambiguity the plain meaning thereof is to be accepted without resort to interpretation." Syl. Pt. 1, *Thomas v. Goodwin*, 164 W. Va. 770, 266 S.E.2d 792 (1980). "Contract language is considered ambiguous where an agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of words employed and obligations undertaken." Syl. Pt. 6, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 212 W. Va. 275, 569 S.E.2d 796 (2002). Here, the agreement makes no mention of the parties' intent to timber the land. The agreement discusses only the purchase of the tract of land, and attempts to bequeath the property through the exchange of promises. As such, we find no ambiguous language and further decline to read petitioner's interpretation of what constitutes consideration into the agreement. Based on the foregoing, we find that, under the circumstances of this case, the exchange of these promises is legally insufficient consideration. Accordingly, we agree with the circuit court's conclusion that the agreement is

void and unenforceable, entitling respondent to her marital interest in the one-half interest of the land acquired by petitioner. Moreover, having determined that the agreement is void for lack of consideration, we need not address whether it is also void and/or unenforceable as violating public policy.

Petitioner lastly argues that the circuit court erred in failing to provide any reasoning as to why neither Willie Ryder nor petitioner's children could enforce the agreement. As noted above, the circuit court correctly determined that the 2002 agreement was void for lack of consideration. A "void contract" is defined as "[a] contract that is of no legal effect, so that there is really no contract in existence at all. A contract may be void because it is technically defective, contrary to public policy, or illegal." *Void Contract*, Black's Law Dictionary (11th ed. 2019). Again, the 2002 agreement was defective, or void, for lack of consideration, meaning that it is not really in existence at all. Therefore, neither Willie Ryder, nor petitioner, nor respondent, nor any alleged-third-party beneficiary whom petitioner claims ought to be able to enforce the agreement is able to do so. Accordingly, we agree with the circuit court's concise statement that "[t]here being no consideration for the [a]greement, the parties, Jacob Ryder, Lucas Ryder, Levi Ryder and Ryder Contracting, Inc. have no interest in the property." Therefore, petitioner is entitled to no relief in this regard.

For the foregoing reasons, the circuit court's September 17, 2018, order is hereby affirmed.

Affirmed.

**ISSUED:** April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

7